STATE OF VERMONT

SUPERIOR COURT
Environmental Division Unit

ENVIRONMENTAL DIVISION
Docket No. 66-7-16 Vtec

Vista Properties, LLC & Soon Kwon NOV

## JUDGMENT ORDER

This is an appeal from a Burlington Development Review Board decision affirming a Notice of Zoning Violation alleging that Vista Properties, LLC* and its agent and managing member, Dr. Soon Kwon (collectively, "Appellants"), allowed parking at a two-apartment rental property in the City of Burlington in violation of the property's approved site plan. The Court held a de novo merits hearing on the matter on August 22, 2017, and, at the close of the hearing, announced its findings of fact, conclusions of law, and order on the record. This judgment order summarizes the Court's findings, conclusions, and order; those seeking more details are directed to the record of the August 22, 2017 hearing.

Dr. Soon Kwon is the agent and managing member of Vista K Properties, LLC, which owns a two-apartment rental property at 41 South Willard Street in the City of Burlington ("City"). Dr. Kwon rents out the subject property to up to twelve tenants, many of whom are students at the nearby colleges and universities. The neighborhood consists of small lots that are occupied by homes, many of which have been converted into rental properties. Due to the small size of the lots, adequate parking is often an issue for the property owners.

Dr. Kwon last received site plan approval for the subject property on November 1, 2006; a copy of that site plan approval was admitted at trial as City Exhibit I. The approved site plan includes a parking area in the rear of the apartment building which Dr. Kwon testified is to accommodate up to six parked vehicles. The approved site plan also required certain plantings

---

* The Notice of Violation that is the subject of this appeal lists the property owner as "Vista K Properties, LLC." However, both the DRB decision and the Notice of Appeal filed with this Court on behalf of Appellants lists the property owner's name as "Vista Properties, LLC." We leave it to the parties to clarify this name confusion.

of dwarf evergreen trees and green or grassed areas to the south of the parking area and to the north of the apartment building. There was no approval for parking along the driveway, which is along the north side of the building.

Managing the subject property and its parking is complicated by the fact that the driveway provides shared access with the residential building to the north; the driveway is only eight feet wide and consists of crumbling concrete and gravel. Dr. Kwon has suggested to the City needed improvements he wishes to make to the driveway, but he has yet to apply to the City for a permit to do so and not sought his neighbor's cooperation. In the interim, Dr. Kwon over the years has attempted to deter others from illegally parking between the driveway and the subject building by installing "No Parking" signs and stray logs on the ground, but his efforts have not stopped others from regularly parking two or more vehicles in this area. Dr. Kwon has not sought or received approval for extra parking in this area.

In response to calls from Dr. Kwon, the City of Burlington Police Department has issued tickets to the operators of the illegally parked vehicles. This practice has helped reduce, but not eliminate the illegal parking on the subject property.

The City provided credible evidence of other means by which Dr. Kwon could prohibit the illegal parking on the subject property, including permanent barriers and fencing, but Dr. Kwon appears disinclined to adopt the City's suggestions, principally due to the estimated cost.

In response to further complaints about Dr. Kwon allowing illegal parking on the subject property, the City of Burlington Zoning Compliance Officer ("Zoning Officer") issued a Notice of Zoning Violation ("NOV") to Appellants on March 28, 2016 . In the NOV, the Zoning Officer detailed the claimed zoning violations, which consisted of multiple specific occasions in February and March of 2016 when Appellants allowed parking to occur on the subject property in areas not designated as permitted parking areas, pursuant to the approved site plan. The NOV includes specific options by which Appellants could remedy the claimed zoning violations. A copy of the NOV was admitted at trial as City's Exhibit C.

Appellants filed a timely appeal of the NOV. The City of Burlington Development Review Board ("DRB") conducted a hearing on that appeal on June 8, 2016. The DRB then issued its written Findings of Fact and Conclusions on June 13, 2016, in which the DRB announced that it

had voted to deny the pending appeal, affirm the NOV issued by the Zoning Officer, and impose six specific conditions upon Appellants to remedy the cited zoning violations within ten calendar days of when its decision became final. A copy of the DRB's June 13, 2016 Findings and Conclusions was admitted at trial as City's Exhibit D.

Appellants thereafter filed a timely appeal of the DRB determinations with this Court. When the parties exhausted their efforts to reach a voluntary resolution of this dispute, which included the assistance of a neutral third-party mediator, the Court scheduled this matter for a de novo merits hearing on August 22, 2017. The Court conducted a site visit with the parties, their representatives, and legal counsel on the morning of the scheduled merits hearing. Attorney Kimberly J. Sturtevant represented the City in this matter; Dr. Kwon appeared as a self-represented litigant on his and his limited liability company's behalf.

The Court provided both parties with a full opportunity to present testimony and other evidence in support of their respective positions, as well as opportunities to cross-examine the witnesses presented by the opposing party.

In summary, the City presented credible evidence to support all of the zoning violations presented in the NOV. Dr. Kwon did not directly dispute any of the City's witness testimony and other evidence. Rather, Dr. Kwon presented a two-pronged defense to the City's NOV allegations: first, that Appellants should not be held responsible for the zoning violations because neither he nor his tenants were parking illegally on the subject property; rather others were parking illegally. Secondly, Dr. Kwon advised that he had recently prepared an application to amend the 2006 approved site plan. There was no evidence presented that Dr. Kwon had provided a complete application for his proposed site plan amendment, and he failed to show further mitigating measures to dissuade others from illegally parking on the subject property. Dr. Kwon presented a copy of his proposed site plan amendment, which was admitted at trial as Appellants' Exhibit 1.

In response to Dr. Kwon's offered defense, the City's Director of Code Enforcement, William Ward, offered a succinct and credible response: parking violations are the responsibility of the person who illegally parked the vehicle. Zoning violations, including the use of unpermitted parking areas, are the responsibility of the property owner.

-4-

At the end of the August 22, 2017 merits hearing, the Court initiated a conversation with the parties about the appropriate remedies, including injunctive relief and penalties, that should be imposed as a consequence of the zoning alleged violations. However, the Court realized after completing the hearing that this discussion was not appropriate, since the only matter currently before the Court is Appellants' appeal of the NOV. The Court regrets its error and offers its apologies to the parties.

Given the testimony and other evidence presented by the City in support of its NOV, all of which was credible and not specifically refuted, the Court does hereby **AFFIRM** the decision of the DRB to uphold the March 28, 2016 NOV issued against Appellants. In so doing, the Court adopts all six conditions imposed by the DRB against Appellants in its June 13, 2017 decision, with one amendment: pursuant to Dr. Kwon's request, Appellants shall have sixty days from the merits hearing **(i.e.: until Monday, October 23, 2017)** to complete all remedial work necessary to satisfy the conditions specified by the DRB.

This completes the current proceedings before this Court concerning this appeal.

Electronically signed on August 30, 2017 at Brattleboro, Vermont, pursuant to V.R.E.F. 7(d).

Thomas S. Durkin, Superior Judge

-5-